**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Mary Ann Whipple
United States Bankruptcy Judge

**Dated: November 10 2011**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

In Re: ) Case No. 10-32210
 )
Jennifer Hassall ) Chapter 7
 )
Debtor(s) )
 ) JUDGE MARY ANN WHIPPLE

**ORDER**

This case came before the court for hearing on November 9, 2011, on the United States Trustee's Motion, as Amended, to Review and Disgorge Attorney's Fees [Doc. # 48] ("Motion"). An Attorney for Movant Daniel M. McDermott, United States Trustee, appeared in person, as did Attorney for Debtor.

Debtor had filed a previous Chapter 7 case in which she received a discharge in 2002, a fact that was not initially disclosed on Debtor's original petition commencing this case but that was noted shortly thereafter on an amended petition. This case was filed as a Chapter 13 proceeding on April 3, 2010, within 8 years of the prior Chapter 7 case. It proceeded through confirmation of a plan, until the Chapter 13 Trustee moved post-confirmation to dismiss it on July 12, 2011. Debtor responded by converting the case to one under Chapter 7, despite the fact that she was not eligible for a Chapter 7 discharge. That problem was compounded when Debtor neither responded to nor took the steps to address the problem after the United States Trustee filed a motion to deny discharge or dismiss the converted Chapter 7 case. At the hearing on that Motion, there was no appearance by counsel. An order was thus entered denying Debtor's

discharge due to her ineligibility as a result of the prior case.

At the hearing on this Motion, Debtor's counsel stated that he had received a total of $800 to represent Debtor in this case, and that the funds were paid to him before the case was commenced. He stated that he had not received any other fees in connection with this case, but that Debtor engaged him to file another Chapter 7 case for which she would pay him a total of $400 in fees.

The Motion is based on the improper conversion of this case and the subsequent refusal to deal with the problem after it was raised by the motion to dismiss or deny discharge, instead leaving it to the court and the United States Trustee to clean up the legal mess left by Debtor and counsel. The court agrees that the actions of counsel in converting the case were improper and that Debtor received no benefit from those actions. But the only fees that were charged by counsel for Debtor and paid by Debtor were related to the Chapter 13 case for which Debtor did receive the benefit of counsel's representation until the point that she could no longer perform her confirmed plan, an unexpected turn of events for which counsel does not bear accountability. Debtor has not paid counsel any additional fees in connection with the conversion and subsequent aspects of this case. The court finds that the $800 fee paid by Debtor does not exceed the reasonable value of the services rendered to Debtor in the Chapter 13 case through confirmation. The Motion will thus be denied to the extent that it seeks disgorgement of those fees. However, counsel will be enjoined from seeking or accepting any additional fees from Debtor beyond the $800 paid in connection with this case because she did not receive any benefit from those services after confirmation of the Chapter 13 plan.

For good cause shown, based on the foregoing reasons and as otherwise stated on the record by the court at the hearing,

**IT IS HEREBY ORDERED** that United States Trustee's Motion, as Amended, to Review and Disgorge Attorney's Fees [Doc. # 48] is **DENIED** in part, to the extent that it seeks disgorgement of the $800 in fees paid by Debtor to counsel, and is **GRANTED** in part, to the extent that counsel for Debtor is enjoined from charging or accepting any further fees in this case.